# United States Court of Appeals for the Fifth Circuit

---

No. 23-10106
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew P. Arellano,

*Defendant—Appellant*,

consolidated with

---

No. 23-10107

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Perez Arellano,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:20-CR-627-1, 3:20-CR-565-1

---

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Andrew Perez Arellano pleaded guilty to conspiracy to distribute a controlled substance. The district court sentenced him to 240 months in prison. A revocation hearing immediately followed. While on supervised release, Arellano violated the conditions of his release multiple times, and committed another federal offense that involved an extensive drug conspiracy and large quantities of drugs. Because of this conduct, the Government argued for the statutory-maximum revocation sentence and for it to be run consecutively to his sentence for conspiracy to distribute a controlled substance. The district court agreed, stating, "I think [the Government] makes a good point about the type of offense and how – what an upper level he was in this offense So I'm going to run the sentence consecutively." It then revoked his supervised release and sentenced him to a consecutive term of 24 months.

Arellano challenges the revocation sentence,[1] asserting that the district court improperly considered factors outlined in 18 U.S.C. § 3553(a)(2)(A). He bases this argument on the statement above, as well as statements made during the sentencing related to Arellano's guilty plea for conspiracy to distribute a controlled substance.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Because Arellano makes no argument pertaining to his 240-month sentence, he has abandoned any claim relating to that sentence. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).

Because Arellano did not object to the revocation sentence before the district court, review is for plain error. Arellano must show that: "(1) the district court erred, (2) the error was clear or obvious, (3) the error affected his substantial rights, and (4) this court should exercise its discretion to correct the error because the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *In re Deepwater Horizon*, 824 F.3d 571, 583 (5th Cir. 2016) (citing *Puckett v. U.S.*, 556 U.S. 129, 135 (2009)).

Arellano fails to make this showing. The district court's comments do not show that it considered retribution in imposing the sentence consecutively. *See U.S. v. Sanchez*, 900 F.3d 678 (5th Cir. 2018) (explaining that district courts may not consider retribution for revocation sentences). However, district courts may consider the defendant's history and characteristics, the need to deter the defendant from future criminal activity, and the need to protect the public. 18 U.S.C. § 3583(e) (citing 18 U.S.C. 3553(a)(1), (a)(2)(B), & (a)(2)(C)). The district court's comments were made in response to the Government's argument about Arellano's escalating conduct while on supervised release, and do not reference punishment or retribution. Rather, they accord with the permitted considerations. Thus, Arellano fails to demonstrate plain error. *In re Deepwater Horizon*, 824 at 583.

AFFIRMED.